USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/8/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

UNITE STATES OF AMERICA,

        -against-

JORGE MARIO PAREDES-CORDOVA,

        Defendant.
------------------------------------X

S1 03 Cr. 987 (DAB)
MEMORANDUM AND ORDER

DEBORAH A. BATTS, United States District Judge.

    Before the Court are Defendant's (1) Motion to Suppress Post-Arrest Statement, (2) Motion for Production of Grand Jury Minutes, (3) Motion for a Bill of Particulars, (4) Motion to Compel the Identity/Confirmation of Informant/Cooperator(s), Permit Defense Interviews and for Court Ordered Subpoenas, (5) Motion for an Order Directing the Pretrial Disclosure of any Fed. R. Evid. 404(b) Material, (6) Motion to Compel Additional Discovery, (7) Motion for an Order Directing the Service of Certain Specific Evidence Pursuant to Brady, and (8) Motion for Leave To Depose Foreign Witnesses.  A Supression Hearing shall be held Wednesday June 24, 2009 at 11:00 AM.  For the reasons stated herein, all other Motions are DENIED.

## I. BACKGROUND

    On March 2, 2006 a two-count Indictment was unsealed against Defendant, and nine other individuals.  Count One

charges him with participation in a narcotics conspiracy with the objective of importing, more than 5 kilograms of cocaine between approximately 2001 and August 2003, in violation of 21 U.S.C. §§ 812, 952(a), 960(a)(1), and 960(b)(1)(B). (Superseding Indictment ¶¶ 1-2). Count Two charges the Defendant with participation in a narcotics conspiracy to distribute, and posses with intent to distribute more than 5 kilograms of cocaine between approximately 2001 and August 2003, in violation of 21 U.S.C. §§ 812, 941(a)(1) and 841(b)(1)(A). (Superseding Indictment ¶¶ 4-5).

The Indictment specifically alleges that the Defendant committed two overt acts between 2001 and August of 2003 in furtherance of both conspiracies, including:

(1) that on or about January 30, 2003, in Guatemala, he "had a telephone conversation regarding the collection of proceeds from the sale of cocaine in the New York area" (Superseding Indictment ¶¶ 3(e) & 6(e));

(2) that on or about March 20, 2003, in Guatemala, he "had a telephone conversation regarding the retrieval of cocaine possessed" by two unnamed co-conspirators on January 25, 2003, as referenced in sub-paragraphs 3(b) and (c). (Superseding Indictment ¶¶ 3(j) & 6(j)).

Both Counts also allege that during the period of 1997 to September 2002, in Guatemala, Co-Defendant Myva Lorena Orellana-Morales "stored over 25 million dollars in cocaine

proceeds on behalf of Defendant." (Superseding Indictment ¶¶ 3(n) & 6(n)).

Defendant filed the instant motions on March 30 and 31, 2009, with the exception of his Motion for an Order Directing the Service of Certain Specific Evidence Pursuant to Brady, and his Motion for Leave To Depose Foreign Witnesses, which were both filed on May 26, 2009. The Government filed its opposition to Defendant's motions on May 11, 2009. Defendant submitted his reply on May 26, 2009.

## II. DISCUSSION

### A. Motion to Suppress Post-Arrest Statement

An evidentiary hearing is normally required to address motions to suppress where a factual issue is in dispute. See United States v. Fruchter, 104 F.Supp.2d 289, 308 (S.D.N.Y. 2000) ("A motion to suppress does not require a hearing unless there is a factual dispute") (citing United States v. Pena, 961 F.2d 333, 339 (2d Cir. 1992)); see also United States v. Mathurin, 148 F.3d 68, 69 (2d Cir. 1998) (holding that an assertion by a defendant when the Government asserts the contrary creates a specific factual dispute that must be resolved with an evidentiary hearing).

Defendant Paredes-Cordova has moved for the suppression of his statements made to agents in Miami on May 2, 2008.

(Def's Motion to Suppress, 2.)  He requests an evidentiary hearing.  The Government consents to an evidentiary hearing. (Gov's Opp. Mem. Of Law, 7, 12.)  The evidentiary hearing shall take place on Wednesday, June 24, 2009 at 11:00 AM.

### B. Motion for Production of Grand Jury Minutes

The standard for granting a motion to inspect proceedings before a grand jury is very high: "The Supreme Court 'consistently [has] recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings."' United States v. Hunt, 2006 WL 2613754, *10 (S.D.N.Y. Sep. 6, 2006) (quoting Douglas Oil v. Petrol Stops Northwest, 441 U.S. 211, 218 (1979)). The Supreme Court has held that defendants must demonstrate a "particularized need" when seeking grand jury materials, including legal instructions given to the grand jury. See, e.g., Id. (citing Douglas Oil v. Petrol Stops Northwest, 441 U.S. 211, 218 (1979)).

Here, Defendant requests the grand jury minutes on the basis of his challenge to a portion of the evidence presented to the grand jury: namely, the authenticity of recorded telephone calls alleged to include Defendant's conversations.  (Def's Motion for Grand Jury Min., 6-7.) However, "[a]n indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the

4

basis of inadequate or incomplete evidence." United States v. Calandra, 414 U.S. 338, 345 (1974); U.S. v. Tranquillo, 606 F.Supp.2d 370, 381 (S.D.N.Y. 2009).

Given the high standard that prevails, and given the fact that the Defendant has merely challenged the adequacy of the evidence presented to the grand jury, Defendant has not demonstrated the requisite "particularized need" to inspect the grand jury minutes. Accordingly, his motion is DENIED.

C.   Motion for a Bill of Particulars

Pursuant to Fed. R. Crim. Pro. 7(f) Defendant moves for a Bill of Particulars. Rule 7(f) allows a defendant to seek a Bill of Particulars, which "enables a defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." United States v. Rigas, 490 F.3d 208, 237 (2d Cir. 2007); United States v. Davidoff, 845 F.2d 1151, 1154 (2d Cir. 1988) (stating same standard and noting that "[t]he principles governing requests for a bill of particulars are well settled"). However, a "bill of particulars may contain facts not alleged in the indictment." Rigas, 490 F.3d, at 237.

A "bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is

5

accused." <u>United States v. Remire</u>, 400 F.Supp.2d 627 (citing <u>United States v. Torres</u>, 901 F.2d 205, 234 (2d Cir. 1990)); <u>see also</u> <u>United States v. Walsh</u>, 194 F.3d 37, 47 (2d Cir. 1999). "Acquisition of evidentiary detail is not the function of a bill of particulars." <u>Torres</u>, 901 F.2d at 234 (citation omitted). The Second Circuit has "consistently sustained indictments which track the language of a statute and, in addition, do little more than state time and place in approximate terms." <u>United States v. Minaya</u>, 395 F.Supp.2d 28, 35 (S.D.N.Y. 2005) (citing <u>United States v. Salazar</u>, 485 F.2d 1272, 1277 (2d Cir. 1973)). In deciding a motion for a Bill of Particulars "the ultimate test must be whether the information sought is necessary, not whether it is helpful." <u>United States v. Ordaz-Gallardo</u>, 520 F.Supp.2d 516, 522 (S.D.N.Y. 2007) (internal citations omitted). Courts have been highly reluctant to require a Bill of Particulars when a defendant has asked for specific identities of co-conspirators or others allegedly involved. So long as an indictment and discovery sufficiently enable a defendant to avoid surprise and prepare for trial, a Bill of Particulars is not warranted. <u>See</u> <u>Torres</u>, 901 F.2d at 233-234 (upholding district court's denial of a Bill of Particulars where "a wealth of evidentiary detail from the discovery to date, including electronic intercepts, search evidence and exhaustive supporting affidavits" was

6

supplied). Finally, the "decision whether to grant a bill of particulars pursuant to Rule 7(f) rests within the sound discretion of the district court." United States v. Vega, 309 F.Supp.2d 609, 616 (S.D.N.Y. 2004) (citing United States v. Cephas, 937 F.2d 816, 823 (2d Cir. 1991)).

Defendant contends that the Indictment "fails to alert [him] to the crimes he has purportedly committed in furtherance of a particular conspiracy." (Def's Mot. for Bill of Partic., 4). However, the Indictment advises the Defendant of the specific acts he is alleged to have committed in furtherance of the conspiracy, including the approximate dates and places of those acts. (Superseding Indictment ¶¶ 3(e), 3(j), 6(e), & 6(j)). Under Rule 7(f), this all that is required. Accordingly, Defendant's Motion for a Bill of Particulars is DENIED.

D. Motion to Compel the Identity/Confirmation of Informant/Cooperator(s), Permit Defense Interviews and for Court Ordered Subpoenas

Defendant moves for an Order compelling the Government to identify its Confidential Source ("CS"), for the Court to ascertain the availability and willingness of the CS to partake in a pre-trial interview with defense counsel, and to direct the CS's attendance at trial. However, the Government states that "the CS will be a Government witness at trial

7

[and that] [h]is identity will be disclosed to the defense, with the CS's Jencks Act material, as per the usual practice in this District, and he will be available to the defense on cross examination." (Gov's Opp. Mem. Of Law, 24.)

Based upon the Government's representations the Court is satisfied that it will produce the information and materials that Defendant seeks in a timely and appropriate fashion. In the absence of a "specific showing that disclosure [i]s both material to the preparation of the defense and reasonable in light of the circumstances surrounding the case," the court need not compel the Government to disclose the identity of its witnesses. United States v. Beiasa, 904 F.2d 137, 139-40 (2d Cir. 1990). Furthermore, even where a Defendant makes such a showing, "disclosure of [a] confidential informant's identity is not required if the Government will call the informant as a witness at trial." U.S. v. Pimentel, 2001 WL 185086, *2 (E.D.N.Y. Jan. 22, 2001). In light of the circumstances of this case, and the fact that the Government will call the CS at trial, Defendant has not made a specific showing that an earlier disclosure than is customary in this District is necessary for him to adequately prepare for trial. Accordingly, Defendant's Motion is DENIED in its entirety.

E.  Motion for an Order Directing the Pretrial Disclosure of any Fed. R. Evid. 404(b) Material

In response to Defendant's request that it disclose all Federal Rule of Evidence 404(b) material, the Government represents that it will disclose "any 404(b) evidence within three weeks of the trial, as is consistent with typical practices in this District." (Govt. Opp. Mem. Of Law, 39.) Defendant has provided no basis for the Court to determine that an earlier disclosure is necessary. See, e.g., United States v. Heredia, 2003 WL 21524008, *10 (S.D.N.Y. Jul. 3, 2003)(noting that "courts deem notice afforded more than ten working days before trial as reasonable notice within the meaning of Rule 404(b)").

Accordingly, Defendant's Motion to Direct the Pretrial Disclosure of any Fed. R. Evid. 404(b) Material is DENIED.


F.  Motion to Compel Additional Discovery

Defendant seeks discovery pursuant to Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), as well as discovery of Jencks Act material and material under Rule 16(a) of the Federal Rules of Criminal Procedure.  Under circuit precedent, Brady and Giglio material must be disclosed "in time for its effective use at trial or at a plea proceeding." U.S. v. Coppa, 267 F.3d

9

132, 146 (2d Cir. 2001). Furthermore, the "Jencks Act prohibits a District Court from ordering the pretrial disclosure of [Government] witness statements" other than those for which the requirement "arise[s] under the Constitution." Id., at 145 (citing U.S.C. § 3500).

The Government represents to the Court that it is aware of its Brady, Giglio, and Jencks Act obligations and will comply with them. (Gov. Opp. Mem. of Law, 32, 34, 38.) It also represents that it has either produced and made available all materials discoverable pursuant to Rule 16 - or to the extent there is additional material - will do so. (Id., at 31-32).

Based on the Government's representation, the Court does not need to order compliance with the Brady obligations. The Court also expects that the Government will comply timely with all of its obligations under Giglio and 18 U.S.C. § 3500. Accordingly, Defendants' Motion to Compel Additional Discovery is DENIED.

G.  Motion for an Order Directing the Service of Certain Specific Evidence Pursuant to Brady.

For the reasons stated supra, Section F, the Court is satisfied that the Government will comply with all of its obligations under Brady v. Maryland, 373 U.S. 83 (1963). Accordingly, Defendant's Motion for an Order Directing the

10

Service of Certain Specific Evidence Pursuant to Brady is DENIED.

H.   Motion for Leave to Depose Foreign Witnesses.

Defendant moves to depose foreign witnesses who are "longtime friends" of the Defendant, living in Honduras under Federal Rule of Criminal Procedure 15. (Def's Mot. To Depose Foreign Witnesses, 4.)

"The decision to permit a deposition under Rule 15 "rests within the sound discretion of the trial court, and will not be disturbed absent clear abuse of discretion." United States v. Gigante, 166 F.3d 75, 81 (2d Cir. 1999) (quoting United States v. Johnpoll, 739 F.2d 702, 708 (2d Cir. 1984). "It is well settled that, in order to establish "exceptional circumstances" under Rule 15, a movant must show that (1) the prospective witness is unavailable for trial, (2) the witness' testimony is material, and (3) the testimony is necessary to prevent a failure of justice." United States v. Vilar, 568 F.Supp.2d 429, 437 (S.D.N.Y. 2008)(quoting United States v. Cohen, 260 F.3d 68, 78 (2d Cir. 2001)).

Defendant contends that the prospective witnesses are "unavailable" because "they do not have visas permitting their entry into the United States" and "are not subject to service of process." (Def's Mot. To Depose For. Witnesses,

11

5). However, Defendant has not shown the Court any efforts to obtain visas for the prospective witnesses, either by counsel, or with the help of the Government. See, e.g., United States v. Robinson, 205 F.3d 1326 (2d Cir. 1999) (finding "no abuse of discretion" where district court held Defendant did not show unavailability of witnesses because there had been "no suggestion that [Defendant] . . . beg[an] the process of applying for visas for them"); United States v. Oudovenko, 2001 WL 253027, *3 (E.D.N.Y. 2001) (finding that witnesses were not unavailable where "the government has offered to assist in obtaining visas . . . to facilitate their presence at trial"); United States v. Subhan, 2000 WL 1738665, * (S.D.N.Y. 2000) (finding that witnesses were not unavailable where "defendant has offered no evidence of attempts to work with the government to bring the witnesses from [overseas] to the United States for the purpose of their testifying at trial").

Nor does Defendant affirm that his "longtime friends" are unwilling or unable to travel to the United States for trial such that service of process is necessary. See, e.g., United States v. Isaza-Zapata, 101 F.3d 1393 (2d Cir. 1996) (finding no "good faith effort to produce the [witness] to testify" and thus no demonstration of unavailability where Defendant "made no attempt to contact the [witness] prior to trial, [but instead] merely assumed that he was unavailable

12

because he resides outside of the United States"); Oudovenko, 2001 WL 253027, *2 (finding no showing of unavailability where "counsel's affirmation fails to establish that he or [Defendant] made a good faith effort to secure the presence of these witnesses at trial, such as by offering to pay their travel expenses"); id., at *3 (finding that Defendant had not made a showing of unavailability where "[Defendant] is seeking to depose persons with whom he has had a close working relationship . . . not independent third-parties who would have no reason to travel to the United States to testify at trial").

As to materiality, it is not clear to the Court that the testimony of lay friends who can or cannot identify the Defendant's voice on a recording would be more than cumulative in light of the examination performed for Defendant by expert Edwardo Solis.

Accordingly, because Defendant has not made a good faith showing that the proposed witnesses are unavailable, or that their testimony is material under Rule 15, his Motion to Depose Foreign Witnesses is DENIED.

### III. CONCLUSION

A Suppression Hearing shall be held June 24, 2009 at 11:00 AM. Defendant's Motion to Compel the Identity/Confirmation of Informant/Cooperator(s), to Permit

13

Defense Interviews and for a Court Ordered Subpoena is DENIED. Furthermore, Defendant's Motion to Compel Additional Discovery is DENIED. Defendant's Motion for an Order Directing the Pretrial Disclosure of Any Federal Rule of Evidence 404(b) Material is also DENIED. Defendant's Motions for an Order Directing the Service of a Bill of Particulars and for an Order Directing the Production of Grand Jury Minutes are also DENIED. Finally, Defendant's Motions for an Order Directing the Service of Certain Specific Evidence Pursuant to Brady and for Leave to Depose Foreign Witnesses are also DENIED.

SO ORDERED.

Dated:  New York, New York
        June  8  , 2009

                                    *Deborah A. Batts*

                                    Deborah A. Batts
                                    United States District Judge