AO 248 (Rev. 08/20) ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

Case No. 1:3-cr-987

v.

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

JORGE MARIO PAREDES-CORDOVA

(COMPASSIONATE RELEASE)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/2/2024

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a

reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable

factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the

Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

    ☐ The defendant's previously imposed sentence of imprisonment of      is reduced to

. If this sentence is less than the amount of time the defendant already served, the sentence

is reduced to a time served; or

    ☐ Time served.

If the defendant's sentence is reduced to time served:

        ☐    This order is stayed for up to fourteen days, for the verification of the

defendant's residence and/or establishment of a release plan, to make

appropriate travel arrangements, and to ensure the defendant's safe

release. The defendant shall be released as soon as a residence is verified,

a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

2

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing.  The court DIRECTS the United States Attorney to file a response on or before _____ , along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

On May 1, 2024, Jorge Mario Paredes-Cordova filed a motion for the Court to reduce his sentence under 18 U.S.C. § 3582(c)(1). Dkt. No. 589 (the "Motion").  The Court has reviewed the Motion and its exhibits and the record of this case.

The Court recognizes that the "First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release."  United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020). And Amendment 814 to the Sentencing Guidelines expands the list of specified and extraordinary and compelling reasons that can warrant sentence reductions.  The amendment permits a court to consider "Other Reasons" that are of similar gravity to those described in Section 1B1.13(b)(1)-(4) of the Sentencing Guidelines.  U.S.S.G. 1B.1.13(b)(5).  It also permits the Court to consider an "Unusually Long Sentence" as the basis to find extraordinary and compelling circumstances that justify early release "but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and

after full consideration of the defendant's individualized circumstances." U.S.S.G. 1B.1.13(b)(6). Except as set forth in that section, however, changes in law "shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement." U.S.S.G. 1B.1.13(c). "[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. 1B.1.13(d).

However, the Court does not need to evaluate whether the circumstances described Mr. Paredes-Cordova's application constitute "extraordinary and compelling" reasons for his release. That is because the Court does not believe that releasing Mr. Paredes-Cordova early is justified after reviewing the factors under 18 U.S.C. § 3553(a). See United States v. Keitt, 21 F.4th 67, 73 (2d Cir. 2021) ("When a district court denies a defendant's motion under 18 U.S.C. § 3582(c)(1)(A) in sole reliance on the applicable § 3553(a) sentencing factors, it need not determine whether the defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction.").

The 3553(a) factors do not permit the requested modification of Mr. Paredes-Cordova's sentence. Indeed, the application of the 3553(a) factors cripples his request and outweighs any justification for early-release. Here, the factors that weigh in the defendant's favor, such as his purported rehabilitation, his health and adverse prison conditions, are overshadowed by the combined force of 'the nature and circumstances of the offense' and the need for the sentence imposed to 'reflect the seriousness of the offense,' 'promote respect for the law,' 'provide just punishment for the offense,' 'afford adequate deterrence to criminal conduct,' and 'protect the public from further crimes of the defendant.'

Judge Paul A. Crotty issued an opinion on February 26, 2021 in response to the defendant's previous request for compassionate release. Dkt. No. 362. In that opinion, Judge Crotty concluded

that the 3553(a) factors weighed against the defendant's early release. The Court agrees with his analysis and adopts it in full here. As Judge Crotty described, Mr. Paredes-Cordova was the head of an international criminal organization that used sophisticated methods to import more than 50 metric tons of cocaine into the United States over a 7 year period. The defendant attempted to have an associate assassinated. He enlisted a corrupt Mexican customs broker to move his drug shipments. In sum, Mr. Paredes-Cordova's offense was extremely serious. Even recognizing the facts presented in his Motion as mitigating factors, a lesser sentence would not impose a just punishment, provide for personal and general deterrence, and adequately meet the other goals of the statute. Given the nature of the defendant's crimes, his early release would not result in a sentence that was sufficient to meet the mandate of the 18 U.S.C. § 3553(a).

The Court need not respond to Mr. Paredes-Cordova's arguments as to why he has shown extraordinary and compelling reasons for his release. As dicta, however, the Court notes that Mr. Mr. Paredes-Cordova's arguments fall short individually and in the aggregate. Judge Crotty addressed many of Mr. Paredes-Cordova's arguments in his 2021 opinion. His analysis remains pertinent notwithstanding the changes in the defendant's circumstances since 2021, including the end of the COVID-19 emergency. The Court comments here merely on the additional arguments justified by Amendment 814, namely that his sentence was unduly long and that national drug policy has evolved since he was incarcerated in favor of lesser sentences. The defendant's arguments on those points are unpersuasive because the defendant does not acknowledge the nature of his crime. This is not a case involving a drug user or a low-level drug trafficker. The defendant was the head of an international drug trafficking organization who was responsible for the importation of tons of illegal drugs and who, among other things, used violence and attempted violence to manage his organization—including an attempt to assassinate a human being. Given

the nature of his offense and his role in it, Mr. Paredes-Cordova's sentence is not unduly long or unduly punitive.   While the Court appreciates the defendant's reported continued steps to rehabilitate himself, which are meritorious, they too do not justify a finding of extraordinary and compelling reasons for his early release.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 369 and to mail a copy of this order to Mr. Paredes-Cordova.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated:

May 2, 2024

_____
GREGORY H. WOODS
UNITED STATES DISTRICT JUDGE